UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOARDS OF TRUSTEES OF THE
NORTHWEST IRONWORKERS HEALTH
AND SECURITY FUND,

Plaintiff,

v.

WESTERN REBAR CONSULTING INC.,

Defendant.

CASE NO. 2:18-cv-00486-BAT

**ORDER GRANTING MOTION TO DISMISS COUNTERCLAIM WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**

Plaintiff Boards of Trustees of the Northwest Ironworkers Health and Security Fund ("The Trust Funds") moves to dismiss the Counterclaim of Defendant Western Rebar Consulting, Inc. ("Western"). Dkt. 27. The motion shall be granted without prejudice and with leave to amend.

BACKGROUND

A.      The Complaint and Audit

On April 3, 2018, Plaintiffs filed their Complaint against Western for unpaid contributions, under sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), and 1145. The Trust Funds are multiemployer, collectively bargained, employee benefit plans regulated by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq*. ("ERISA"), and

ORDER GRANTING MOTION TO DISMISS
COUNTERCLAIM WITHOUT PREJUDICE
AND WITH LEAVE TO AMEND - 1

1   the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5). Western participated as

2   part of the Northwest Ironworkers Employers Association under a Master Labor Agreement

3   ("MLA") by way of an "Independent Agreement." Western agreed to participate with the Trusts

4   by making the required contributions for Western employees whose scope of work falls under

5   the MLA.

6       The Trusts allege, among other things, that Western had not complied with the Trust

7   Funds' request for an audit of the company's payroll and related business records ("Audit"). Dkt.

8   No. 1. After the complaint was filed, the parties agreed to delay litigation while an Audit was

9   conducted. The Audit concluded that Western failed to make contributions in the amount of

10  $92,014.00 for the period June 2016 through July 2018. Dkt. 28, Declaration of Michelle Hill,

11  Ex. C. In addition, the Audit indicates Western owes an additional $32,695.65 in liquidated

12  damages, $16,611.91 in interest, and $16,006.85 in audit costs, for a total due of $157,328.77. *Id*.

13  The Audit also found that Western overreported and incorrectly submitted contributions on

14  behalf of some of its employees in the amount of $26,621.27. *Id*., p. 65.

15      The Trust Funds do not dispute that Western overreported and incorrectly submitted

16  contributions on behalf of some of its employees and that the Audit confirms that Western over-

17  reported in the amount of $26,621.27. Dkt. No. 33. The Trust Funds do dispute that Western's

18  Counterclaim alleges facts sufficient to show that Western is entitled to a refund of the

19  overreported contributions.

20  B.       Western's Counterclaim - Overpayment

21      Western asserts one counterclaim – that it is entitled to reimbursement or restitution of

22  the incorrect contributions ($26,621.27). Dkt. 26, pp. 8-9. Western also alleges various facts and

23  states various conclusions that are not relevant to the instant motion to dismiss (but which the

ORDER GRANTING MOTION TO DISMISS
COUNTERCLAIM WITHOUT PREJUDICE
AND WITH LEAVE TO AMEND - 2

1  Trust Funds contend are factually and legally incorrect) – *i.e.*, that the Trust Funds have

2  interfered with Western's relationships with its general contractors, that the Trust Funds are

3  required to provide lien releases, that Western owes no contributions for June 2016 through 2018

4  or for the post-audit delinquent period; and, that the Trust Funds have commingled fringe benefit

5  contributions and have targeted Western for alleged contribution violations. *See* Dkt 26, ¶¶ 65-

6  73. The court addresses here only whether Western has sufficiently pled facts to support its

7  counterclaim that it is entitled to a refund of overreported and incorrectly submitted trust

8  contributions. In that regard, Western has alleged only the following:

9     Plaintiffs' audit concluded that Western in fact overpaid $26,621.27 in trust
      contributions to Plaintiffs. Western has not been reimbursed for this overpayment
10    by Plaintiffs.

11  Dkt 26, ¶ 71.

12                          STANDARD OF REVIEW

13     Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim

14  upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Dismissal under Rule 12(b)(6) is

15  appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a

16  cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

17  Cir.1990). A motion to dismiss a counterclaim brought pursuant to Federal Rule of Civil

18  Procedure 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's

19  complaint. *See*, *e.g.*, *Boon Rawd Trading Inter'l v. Paleewong Trading Co.*, 688 F.Supp.2d 940,

20  947 (N.D.Cal.2010).

21     To sufficiently state a claim to relief and survive a Rule 12(b) (6) motion, a complaint

22  "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise

23  a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127

ORDER GRANTING MOTION TO DISMISS
COUNTERCLAIM WITHOUT PREJUDICE
AND WITH LEAVE TO AMEND - 3

1  S.Ct. 1955, 167 L.Ed.2d 929 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his

2  'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

3  the elements of a cause of action will not do." *Id*. (quoting Fed.R.Civ.P. 8(a)(2)).

4          "Generally, the scope of review on a motion to dismiss for failure to state a claim is

5  limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

6  However, the Court may utilize "attached exhibits, documents incorporated by reference, and

7  matters properly subject to judicial notice." *In re NVIDIA Corp. Sec. Litig*., 768 F.3d 1046, 1051

8  (9th Cir. 2014). Here, the Audit is incorporated by reference in Western's counterclaim, it is

9  central to Western's claim, and no party questions its authenticity. *Viggiano v. Hansen Natural*

10  *Corp*., 944 F. Supp. 2d 877, 882 (C.D. Cal. 2013) (citing *Marder*, 450 F.3d at 448).

11                                             DISCUSSION

12          Section 403(c) of ERISA provides in pertinent part:

13          (1) Except as provided in paragraph (2) ... the assets of a plan shall never
         inure to the benefit of any employer and shall be held for the exclusive purposes
14          of providing benefits to participants in the plan and their beneficiaries and
         defraying reasonable expenses of administering the plan.

15
            (2)(A) In the case of a contribution ...
16
            (ii) made by an employer to a multiemployer plan by a mistake of fact or
17          law ... paragraph (1) shall not prohibit the return of such contribution or payment
         to the employer within 6 months after the plan administrator determines that the
18          contribution was made by such a mistake.

19          Thus, ERISA provides for the return of contributions that an employer made to a

20  multiemployer plan because of a mistake of fact. Section 403(c)(2)(A)(ii) provides that a refund

21  of an employer's mistaken contribution is not prohibited within six months of the date that a plan

22  administrator determines that the contribution was made by mistake. Based on this language, it

23  appears that no refund can be made under this section without a determination by a plan

ORDER GRANTING MOTION TO DISMISS
COUNTERCLAIM WITHOUT PREJUDICE
AND WITH LEAVE TO AMEND - 4

1  administrator that a mistake has occurred. However, the Ninth Circuit has stated that a trust fund

2  cannot escape its responsibilities under ERISA by denying that a mistake has been made. *Chase*

3  *v. Trustees of Western Conference of Teamsters Pension Trust Fund*, 753 F.2d 744, 752 (9th

4  Cir.1985).

5      The Ninth Circuit has concluded that an employer has an implied right of action under

6  section 403 to recover mistaken contributions. *British Motor Car Distrib., Ltd. v. San Francisco*

7  *Auto. Indus. Welfare*, 882 F.2d 371, 374 (9th Cir.1989) (citing *Award Serv., Inc. v. Northern Cal.*

8  *Retail Clerks Unions*, 763 F.2d 1066, 1068 (9th Cir.1985), *cert. denied*, 474 U.S. 1081, 106 S.Ct.

9  850, 88 L.Ed.2d 890 (1986)) (stating that section 403 confers no right to refund expressly; "it

10 merely permits the return of contributions mistakenly paid"). However, a showing of mistake of

11 fact will not automatically result in a refund to the employer. After demonstrating that

12 contributions resulted from a mistake, the employer must establish that the equities favor

13 restitution. *Award Serv.*, 763 F.2d at 1069.

14     The Trusts argue that Western is not entitled to relief because Western has failed to

15 provide factual allegations of a mistake of fact or law, which would demonstrate that it is entitled

16 to a reimbursement of the improperly submitted contributions. Western has also failed to provide

17 factual allegations, which would demonstrate that the equities justify the reimbursement of

18 contributions.

19     Western argues that it has sufficiently set forth a factual basis of mistake of fact or law.

20 Alternatively, Western requests leave to amend to allege a common law action for restitution.

21     The Court finds that Western's allegations do not satisfy the requirements for asserting a

22 claim for relief under 1103(c)(2)(A)(ii). In its response, Western devotes a good deal of time

23 arguing that the Audit is "patently inaccurate," and summarizing erroneously counted hours. Dkt.

ORDER GRANTING MOTION TO DISMISS
COUNTERCLAIM WITHOUT PREJUDICE
AND WITH LEAVE TO AMEND - 5

1  32, pp. 9-11; Dkt. 32-1. Western does not however, allege facts showing that it made a mistake

2  of fact or law when it submitted the improper contributions. Additionally, Western fails to allege

3  facts showing that the equities favor restitution with respect to the amounts improperly paid and

4  reported by Western.

5         Western argues that it should be allowed to amend its counterclaim to assert a common

6  law action for restitution of overpayments made. Dkt. 30, p. 13. However, the Ninth Circuit has

7  not recognized any federal common law action for restitution and there would appear to be no

8  basis for such an action particularly as employers are allowed to bring suit under ERISA for

9  restitution of mistaken contributions. *See British Motor Car*, 882 F.2d at 377.

10         The Court concludes that The Trusts are entitled to dismissal of Western's counterclaim

11  for refund of overpayment. However, the Court grants Western leave to amend its counterclaim,

12  to include factual allegations showing that it made a mistake of fact or law when it submitted the

13  improper contributions and further, showing that the equities favor restitution with respect to the

14  amounts improperly paid and reported by Western.

15         Accordingly, it is **ORDERED:**

16         1)     The Trusts' motion to dismiss (Dkt. 27) is **granted**; Western's counterclaim is

17  **dismissed without prejudice and with leave to amend**.

18         2)     Western may file an amended counterclaim as explained herein, **on or before**

19  **July 25, 2020**.

20         DATED this 15th day of July, 2020.

21

22                                   _____
                                 BRIAN A. TSUCHIDA

23                                   Chief United States Magistrate Judge

ORDER GRANTING MOTION TO DISMISS
COUNTERCLAIM WITHOUT PREJUDICE
AND WITH LEAVE TO AMEND - 6